John A. Kawai, SBN 260120
**TRIAL LAWYERS FOR JUSTICE**
548 Market Street, PMB 66906
San Francisco, CA. 94104-5401
Tel:  (310) 855-3727
Fax:  (310) 855-3595
Email: jk@tl4j.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," JANE ROE as next friend for "PIA," a minor,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>CARSTEN IGOR ROSENOW,<br>a/k/a CARLOS SENTA,<br>　　　　　　　　Defendant. | Case No: **'23CV0644 MMA DEB**<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

The Plaintiffs, on their own behalf and by their corresponding next friend as indicated, and through their attorney of record, John A. Kawai of TRIAL LAWYERS FOR JUSTICE, allege for their complaint as follows:

**NATURE OF THE ACTION**

1.　This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statutes 18 U.S.C. § 2252 (a)(2) and (b)(1), and 18 U.S.C. §2252 (a)(4)(B) and (b)(2).

2.　18 U.S.C. § 2255(a) allows victims of child pornography under 18 U.S.C.§2252 to recover liquidated damages in the amount of $150,000 per victim, and the cost of the action,

COMPLAINT - 1

including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

## PARTIES

3. "Lily" is currently an adult and resides outside the state of California.

4. "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

5. "Sarah" is currently an adult and resides outside the state of California.

6. "Sarah" is the pseudonym for the victim depicted in the Marineland child pornography series.

7. Jane Roe is a pseudonym for "Pia's" mother and acts as Next Friend for "Pia", who is a minor and resides outside the state of California.

8. "Pia" is a pseudonym for a victim depicted in the Sweet Sugar child pornography series.

9. The defendant, CARSTEN IGOR ROSENOW (hereinafter "ROSENOW"), is an adult currently in the custody of the United States Bureau of Prisons.

10. On information and belief, ROSENOW resided in this district prior to his incarceration.

11. All acts which form the basis of the claims in this matter occurred or took place within this District.

## JURISDICTION AND VENUE

12. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

COMPLAINT - 2

13.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where the Defendant resides and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTUAL BACKGROUND

<u>The Defendant Was Convicted of Possession of Child Pornography
In Violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2)</u>

14.     ROSENOW was charged in the United States District Court, Southern District of California, in the matter denominated *United States v. Carsten Igor Rosenow aka Carlos Senta,* SDCA Case No. CR 3:17-cr-03430-WQH, (hereinafter "the criminal matter") with the crimes of Possession of Child Pornography in violation of 18 USC § 2252(a)(4)(B) and Attempted Sexual Exploitation of a Child in violation of 18 USC § 2251(c)and (e).  These crimes were alleged to have been committed on date(s) on or about March 27, 2017 to on or about April 26, 2017.

15.     On August 30, 2019, the jury returned a Verdict of guilty to both of these crimes.

16.     In the criminal matter each of the Plaintiffs herein requested that restitution be ordered to them.  Defendant resisted paying restitution and filed a Brief in Opposition to Restitution on February 18, 2020.

17.     On February 26, 2020 the court in the criminal matter sentenced Rosenow on each of the crimes of Possession of Child Pornography and Attempted Sexual Exploitation of a Child.

18.     On February 27, 2020 the court in the criminal matter entered an Order making findings that each of the Plaintiffs herein is a victim of Rosenow's crime as he knowingly possessed depictions of each engaged in explicit sexual conduct while each was a minor and that each Plaintiff herein had suffered harm as a result of Rosenow's crime.  The court's order further held that Rosenow was proximately responsible for the harm to each of the Plaintiffs as he had participated in the trade

COMPLAINT - 3

of their child pornography images.  See Order entered February 27, 2020 in the criminal matter attached hereto as Exhibit 1.

**FIRST CLAIM FOR RELIEF**
**18 U.S.C. § 2255(a)**

19. The Plaintiffs repeat and re–allege all prior paragraphs.

20. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252A(a)(4)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000 per victim, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

21. The Defendant was found guilty by a jury of the predicate federal child pornography crime found at 18 U.S.C. §2252(a)(4)(B).

22. 18 U.S.C. § 2252(a)(4)(B) provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate commerce or in or affecting interstate or foreign commerce, or which was produced using material which have been mailed or so shipped or transported, by any means including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct.

23. Each Plaintiff is a victim of Defendant's violation of 18 U.S.C.2252(a)(4)(B).

24. In addition to the findings made by the criminal court that Plaintiffs are victims of Rosenow's crime, the United States Supreme Court in *Paroline v. United States,* 572 U.S. 464, 134 S.Ct. 1710 (2014), *Osborne v. Ohio,* 494 U.S. 103, 110 S.Ct. 1691 (1990), and *New York v. Ferber,* 458 U.S. 757, 102 S. Ct. 3348 (1982), held that victims of child pornography crimes suffer de facto personal injury.  Plaintiffs are therefore such victims as a matter of law and have each suffered personal injury as a result of Defendant's federal child pornography crimes.

COMPLAINT - 4

25. The Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

26. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

27. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. §2255(a);

28. Reasonable attorney's fees pursuant to 18 U.S.C. §2255(a);

29. Pre-judgment and post-judgment interest;

30. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

Dated this 7th day of April, 2023.

                                      TRIAL LAWYERS 4 JUSTICE

                                      By  /s John A. Kawai
                                      John A. Kawai, CSBA No. 260120
                                      548 Market Street, PMB 66906
                                      San Francisco, CA. 94104-5401
                                      Tel:   (310) 855-3727
                                      Fax:  (310) 855-3595
                                      Email: jk@tl4j.com

                                      Attorney for Plaintiffs

COMPLAINT - 5