UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," JANE ROE as next friend for "PIA," a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CARSTEN IGOR ROSENOW, a/k/a CARLOS SENTA,<br><br>Defendant. | Case No.: 23-cv-00644-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are the Motion to Dismiss the Complaint, Partial Summary Dismissal and Affirmative Plea (ECF No. 21) and the Motion to Dismiss the FAC Complaint, Partial Summary Dismissal and Affirmative Plea (ECF No. 23) filed by Defendant Carsten Igor Rosenow.

## I. PROCEDURAL BACKGROUND

On April 7, 2023, Plaintiffs "Lily," "Sarah," and Jane Roe as next friend for "Pia" ("Plaintiffs") initiated this action by filing a Complaint against Defendant Carston Igor Rosenow ("Defendant"). (ECF No. 1.)

On July 13, 2023, Plaintiffs filed a First Amended Complaint ("FAC"), which is the operative pleading. (ECF No. 19.) Plaintiffs seek liquidated damages pursuant to 18 U.S.C. § 2255, which provides a civil remedy for victims against individuals convicted of certain child pornography offenses.

On September 14, 2023, Defendant filed the Motion to Dismiss the Complaint, Partial Summary Dismissal and Affirmative Plea (ECF No. 21), and on October 16, 2023, Defendant filed the Motion to Dismiss the FAC Complaint, Partial Summary Dismissal and Affirmative Plea (ECF No. 23) (collectively, the "Motions to Dismiss").

On November 9, 2023, Plaintiffs filed a Response in opposition to the Motions to Dismiss. (ECF No. 25.)

On December 11, 2023, Defendant filed a Reply. (ECF No. 26.)

## II. ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

On August 30, 2019, a jury found Defendant guilty of attempted sexual exploitation of a child in violation of 18 U.S.C. § 2251(c) and (e) and possession of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). (FAC ¶¶ 14–15.)

On February 26, 2020, this Court sentenced Defendant to a term of imprisonment of 300 months, followed by a lifetime supervised release. (Ex. 1 to FAC.) At sentencing, the Court ordered restitution in the amount of $4,000 to each victim. *Id.* On February 27, 2020, the Court "entered an Order making findings that each of the Plaintiffs herein is a victim of [Defendant's] crime as he knowingly possessed depictions of each engaged in explicit sexual conduct while each was a minor and that each Plaintiff herein had suffered harm as a result of [Defendant's] crime." (FAC ¶ 18 (citing Ex. 1 to FAC).) The Court's Order further held that Defendant was "proximately responsible for the harm to each of the

Plaintiffs as he had participated in the trade of their child pornography images." *Id.* ¶ 18 (citing Ex. 1 to FAC).)

Plaintiffs bring claims pursuant to 18 U.S.C. § 2255(a). Plaintiffs each seek liquidated damages in the amount of $150,000, reasonable attorney's fees, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

### III.  DISCUSSION

Defendant moves to dismiss the FAC on the following grounds: (1) Plaintiffs fail to allege a concrete injury; (2) Plaintiffs fail to state a claim under 18 U.S.C. § 2255; (3) Plaintiffs' claims are barred by collateral estoppel and res judicata; (4) Plaintiffs' claims are not timely; and (5) venue is improper in this District.

#### A. Standing

Defendant contends that Plaintiffs fail to allege a concrete injury because Plaintiffs "have not pleaded concrete and particularized facts supporting that they each have suffered an 'injury in fact' by Defendant's alleged possession of their images or alleged that the [D]efendant's action injured them in 'a concrete and personal way[.]'" (ECF No. 21 at 11–12.)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on the grounds that the court lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to Rule 12(b)(1) may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack on subject matter jurisdiction under Rule 12(b)(1), the court assumes the factual allegations of the complaint to be true and draws all reasonable inferences in favor of the plaintiff. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). However, the court does not accept "the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

The Article III standing doctrine limits federal court jurisdiction. *See La Asociacon de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010). "[T]he 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In order "to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan*, 504 U.S. at 560–61). The party invoking federal jurisdiction bears the burden of establishing that the standing requirements of Article III are satisfied. *Spokeo*, 578 U.S. at 338.

Here, the FAC alleges that Defendant was found guilty of possession of child pornography in violation of 18 USC § 2252(a)(4)(B) and attempted sexual exploitation of a child in violation of 18 USC § 2251(c) and (e). The FAC alleges that Plaintiffs were victims of these crimes, and "have each suffered personal injury as a result of Defendant's federal child pornography crimes." (FAC ¶ 24.) It is well established that victims of child pornography suffer concrete injuries. *See Elden v. Nirvana LLC*, 88 F.4th 1292, 1296 (9th Cir. 2023) ("In the context of § 2255, 'pornography injures a child's reputation and emotional well-being' just '[l]ike a defamatory statement' and creates 'reputational, emotional and privacy injuries' that constitute personal injuries."); *see also Paroline v. United States*, 572 U.S. 434, 457 (2014) ("The unlawful conduct of everyone who reproduces, distributes, or possesses the images of the victim's abuse … plays a part in sustaining and aggravating [the harm to the victim]."); *New York v. Ferber*, 458 U.S. 747, 758 (1982) ("[T]he use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child."). Plaintiffs have adequately alleged a concrete injury for Article III purposes.

### B. Failure to State a Claim

Defendant moves to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds: (1) Plaintiffs fail to allege sufficient facts to plead a plausible violation of 18 U.S.C. § 2255; (2) Plaintiffs' claims are barred by collateral estoppel and res judicata; (3) and Plaintiffs' claims are not timely.

### 1. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1045, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory

factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### 2. 18 U.S.C. § 1255

Defendant contends that Plaintiffs fail to state a claim under 18 U.S.C. § 1255. Defendant contends that Plaintiffs fail to plausibly allege that the claimed violation caused a personal injury and damages, that Plaintiffs were minors at the time that Defendant violated the federal child pornography statutes, and that Plaintiffs have been identified in the pornographic images possessed by Defendant.

Section 2255(a) provides that:

> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief as the court determines to be appropriate.

18 U.S.C. § 2255(a). To prevail on a § 2255(a) claim, a plaintiff must show that he/she was a victim of a qualifying criminal statute. *Id.* A plaintiff who establishes a violation of § 2255(a) is entitled to a statutory award of $150,000. *Id.* "The point of this provision is to allow such victims to recover without having to endure damages hearings." *Jesness v. Bridges*, No. C18-1225-RSM, 2021 WL 2895129, at *1 (W.D. Wash. July 9, 2021) (citing *Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012)).

Here, the FAC alleges that Defendant "was found guilty by a jury of the predicate federal child pornography crime found at 18 U.S.C. §2252(a)(4)(B)."[1] (FAC ¶ 21; Ex. 1 to

---

[1] Section 2252(a)(4)(B) makes it unlawful for anyone to "knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which

FAC.) The FAC alleges that "[e]ach Plaintiff is a victim of Defendant's violation of 18 U.S.C. 2252(a)(4)(B)" and "suffered harm as a result of [Defendant's] crime." (FAC ¶¶ 15, 18.) Section 2255(a) does not require Plaintiffs to prove the amount of damages suffered. *See "Amy" v. Curtis*, Case No. 19-cv-02184-PJH, 2020 WL 6271046, at *5 (N.D. Cal. Oct. 26, 2020) ("[P]laintiffs need only demonstrate that they were victims in order to receive liquidated damages and do not also need to demonstrate that they suffered a personal injury."); *United States v. Reynolds*, No. 1:09–CR–00476 AWI, 2011 WL 1897781, at *5 (E.D. Cal. May 18, 2011) ("In a suit brought under Section 2255 it appears the victim does not have to prove the exact amount of damage a specific defendant caused the victim."); *Boland*, 698 F.3d at 882–83 ("Once a child has shown she was the victim of a sex crime, there is little point in forcing her to prove an amount of damages, only to have the court disregard that figure and award the statutory minimum."). Thus, the allegations in the FAC are sufficient to state a claim under § 2255(a).[2]

### 3. Collateral Estoppel & Res Judicata

Defendant contends that Plaintiffs' claims are barred by collateral estoppel and res judicata. As to collateral estoppel, Defendant contends that because damages arising out of his federal child pornography crimes have already been determined by this Court in the restitution order, Plaintiffs are precluded from relitigating the issue in the present case.

"Issue preclusion, or collateral estoppel, 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior

---

contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if … the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and … such visual depiction is of such conduct[.]" 18 U.S.C. § 2252(a)(4)(B).

[2] Defendant contends that Plaintiffs "have not established the identity of the person pictured in any images that form the basis of the complaint." (ECF No. 21 at 13.) The FAC alleges that Plaintiffs are "victim[s] of Rosenow's crime as he knowingly possessed depictions of each engaged in explicit sexual conduct while each was a minor[.]" (FAC ¶ 18.) For purposes of a 12(b)(6) motion, Plaintiffs' allegations must be accepted as true. *See Iqbal*, 556 U.S. at 678.

judgment, even if the issue recurs in the context of a different claim.'" *Garity v. APWU*, 828 F.3d 848, 865 n.8 (9th Cir. 2016) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). Issue preclusion applies where it is established that: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 995 (9th Cir. 2000) (citations omitted).

In *Doe v. Hesketh*, the Third Circuit considered "whether a restitution award for a criminal offense bars a later-filed civil claim by a victim under § 2255 based on that same offense." 828 F.3d 159, 162 (3d Cir. 2016). Finding that "[t]he interests of a victim and the government in a restitution determination are not sufficiently similar for a finding a privity," the court concluded that issue preclusion did not bar the victim's § 2255 claim. *Id.* at 172. The court reasoned:

> A victim's interest in the context of restitution is undoubtedly to achieve the maximum amount of compensation for herself permissible under the law. A victim such as Doe may be willing to assume the time and cost to litigate the full extent of her damages in a trial as Doe has chosen to do in her civil suit. By contrast, the interests of the government in the restitution context are necessarily affected by its responsibility to "represent the interest of society as a whole."
> …
> The effect of these varied interests are particularly acute in the present situation as the child victim in this case had a limited ability to advocate on her behalf[.]

*Id.* at 172–73. Additionally, the court stated that it could not find privity "based on a conclusion that 18 U.S.C. § 2255 or the restitution statutes expressly foreclose a subsequent civil claim under § 2255 once a victim has received criminal restitution." *Id.* at 173. "[T]he text of § 2255 does not contain any indication that its application is limited to those victims who did not previously receive restitution. And, far from expressly

foreclosing subsequent civil claims, the restitution laws expressly contemplate such claims." *Id.* The Third Circuit continued:

> [W]e are particularly loath to apply collateral estoppel to disrupt Congress's remedial scheme where Congress has expressly provided for estoppel with respect to one aspect of a later-filed civil claim, but declined to provide for estoppel with respect to a victim's damages. *See* 18 U.S.C. § 3664(l) ("A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding ... brought by the victim."); *cf. Taylor*, 553 U.S. at 903, 128 S.Ct. 2161 ("Congress' provision for FOIA suits with no statutory constraint on successive actions counsels against judicial imposition of constraints through extraordinary application of the common law of preclusion."). "The courts should not jam judicially created doctrines such as res judicata into the gears of Congress' carefully crafted statutory machinery." *United States v. Barnette*, 10 F.3d 1553, 1561 (11th Cir.1994).

*Id.* at 174 n.19.

The Court finds the Third Circuit's reasoning persuasive. Because the interests of Plaintiffs and the United States with respect to the restitution order are not sufficiently similar, the parties are not in privity. *See "Amy"*, 2020 WL 6271046, at *7 (applying *Hesketh*'s reasoning to conclude that "any restitution received by plaintiffs pursuant to the mandatory criminal restitution statute, 18 U.S.C. § 2259, does not bar them from pursuing and recovering a § 2255 claim for violation of the same predicate statute"). Accordingly, the criminal restitution order does not preclude Plaintiffs' § 2255 claims.

Defendant similarly contends that res judicata bars Plaintiffs from recovering damages in the present case because they could have asserted their § 2255 claims in the criminal action. Res judicata, or claim preclusion, "provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "Claim preclusion 'applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) an identity or privity between the parties.'" *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586

F.3d 1204, 1212 (9th Cir. 2009) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).

Here, Plaintiffs were not parties to the criminal action, and as explained above, there is no privity between Plaintiffs and the United States. Additionally, "an order of criminal restitution is not equivalent to a judicial determination of civil damages." *Eli Lilly and Co. v. Gitmed*, No. 1:16–cv–00178–DAD–SAB, 2017 WL 1740132, at *3 (E.D. Cal. May 4, 2017) ("Criminal restitution … is a statutorily-based award of compensation, which recompenses specific losses proximately caused by the criminal offense…. Meanwhile, the concept of civil damages 'is very broad, incorporating many different kinds of compensation for an injury or loss.'… The damages sought in this case therefore differ from those involved in the criminal court's restitution order. Accordingly, the prior order of no restitution does not prevent plaintiff from bringing a civil action for damages in the instant case."); *United States v. Barnette*, 10 F.3d 1553, 1562 (11th Cir. 1994) (rejecting the argument that a "prior criminal restitution order is res judicata against a subsequent damages action"). Accordingly, res judicata does not bar Plaintiffs' § 2255 claim.

### 4. Statute of Limitations

Defendant contends that Plaintiffs' claims are time-barred by the statute of limitations. Section 2255(b) provides that "there shall be no time limit for the filing of a complaint commencing an action under this section." 18 U.S.C. § 2255(b).[3] The Court concludes that Plaintiffs' § 2255 claims are timely.

### C. Venue

Defendant moves to dismiss the FAC on the ground that venue is improper in this District. Defendant contends that "he was outside the country at the time of the alleged

---

[3] In 2022, Congress passed an amendment to 18 U.S.C. § 2255 (2018) that eliminated the statute of limitations for claims brought under § 2255. *See* Eliminating Limits to Justice for Child Sex Abuse Victims Act of 2022, Pub L. 117-176, §§ 2–3, 136 Stat. 2108, 2108 (codified at 18 U.S.C. § 2255). Plaintiffs' Complaint was filed on April 7, 2023. (ECF No. 1.)

offense" and "that he was a permanent resident of the Philippines during the timeframe, permanently living in and working out of his residence in Manila, Philippines." (ECF No. 23 at 14.) Defendant also contends that dismissal is proper "because Plaintiffs failed to demonstrate or even allege that a substantial part of the events or omissions giving rise to Plaintiff[s'] claims occurred in the Southern District of California or that Plaintiffs had personal knowledge that Defendant resides or did reside in the district at the time of the events." *Id.* at 14–15.

Defendant is estopped from denying venue in this case. 18 U.S.C. § 3664(l) provides:

> A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

18 U.S.C. § 3664(l). Defendant was convicted of child exploitation crimes within this District that gave rise to an order of restitution. (Ex. 1 to FAC.) The claims in this matter arise out of the facts surrounding this conviction, and the location of the crime conferring venue was an essential allegation in the criminal matter.

Accordingly, Defendants' Motions to Dismiss are denied.[4]

/ / /
/ / /
/ / /
/ / /

---

[4] In Reply, Defendant moves to strike Plaintiffs' Response in opposition to the Motions to Dismiss. The Court does not find that the Response contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), that would warrant striking the document. *See Raya v. Barka*, 19-cv-2295-WQH-AHG, 2021 WL 5280648, at *1 (S.D. Cal. Nov. 12, 2021) ("Motions to strike are generally disfavored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation…. Courts often require that the moving party make a showing of prejudice before granting a 12(f) motion to strike." (citation omitted)). Defendant's motion to strike is denied.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Motion to Dismiss the Complaint, Partial Summary Dismissal and Affirmative Plea (ECF No. 21) and the Motion to Dismiss the FAC Complaint, Partial Summary Dismissal and Affirmative Plea (ECF No. 23) are denied. No later than thirty (30) days from the date this Order is filed, Defendant shall file an answer to the FAC pursuant to Federal Rule of Civil Procedure 12(a).

Dated:  September 20, 2024

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court

23-cv-00644-WQH-DEB