# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," JANE ROE as next friend for "PIA," a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CARSTEN IGOR ROSENOW, a/k/a CARLOS SENTA,<br><br>Defendant. | Case No.:  23-cv-00644-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the Motion for Leave to File Second Amended Complaint (ECF No. 54) filed by Plaintiffs "Lily," "Sarah," and Jane Roe as next friend for "Pia."

/ / /

## I. PROCEDURAL BACKGROUND

On April 7, 2023, Plaintiffs "Lily," "Sarah," and Jane Roe as next friend for "Pia" (collectively, "Plaintiffs") initiated this action by filing a Complaint against Defendant Carsten Igor Rosenow ("Defendant"). (ECF No. 1.)

On July 13, 2023, Plaintiffs filed a First Amended Complaint ("FAC") (ECF No. 19) in which they sought liquidated damages pursuant to 18 U.S.C. § 2255, which provides a civil remedy for victims to recover damages from individuals convicted of certain child pornography offenses, as well as punitive damages and other preliminary and equitable relief as the Court determined to be appropriate. *Id.* at 1–2.

On September 14, 2023, Defendant filed a Motion to Dismiss the Complaint, Partial Summary Dismissal and Affirmative Plea (ECF No. 21), and on October 16, 2023, Defendant filed a Motion to Dismiss the FAC Complaint, Partial Summary Dismissal and Affirmative Plea (ECF No. 23) (collectively, the "Motions to Dismiss").

On September 20, 2024, the Court issued an Order (ECF No. 27) denying the Motions to Dismiss and directing Defendant to file an answer to the FAC.

On October 17, 2024, Defendant filed an Answer to the FAC. (ECF No. 28.)

On November 7, 2024, Plaintiffs filed the pending Motion to Strike Affirmative Defenses. (ECF No. 30.) On November 25, 2024, Defendant filed a Response in Opposition to the Motion to Strike Affirmative Defenses. (ECF No. 39.)

On November 25, 2024, Defendant filed the pending Motion for Judicial Notice in Support of Motion to Dismiss and Opposition to Motion to Strike (the "Motion for Judicial Notice"). (ECF No. 31.) On January 3, 2025, Plaintiffs filed a Response in Opposition to the Motion for Judicial Notice. (ECF No. 43.) On January 21, 2025, Defendant filed a Reply. (ECF No. 45.)

On November 25, 2024, Defendant filed the pending Renewed Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Renewed Motion to Dismiss"). (ECF No. 38.) On December 23, 2024, Plaintiffs filed a Response in Opposition to the Renewed Motion to Dismiss. (ECF No. 42.) On January 3, 2025, Defendant filed a Reply. (ECF No. 44.)

On May 8, 2025, Plaintiffs filed the pending Motion for Leave to File Second Amended Complaint ("SAC") (the "Motion for Leave to File SAC"). (ECF No. 54.) On May 19, 2025, Defendant filed a Response in Opposition to the Motion for Leave to File SAC. (ECF No. 58.) On May 30, 2025, Plaintiffs filed a Reply. (ECF No. 61.) On June 11, 2025, Defendant filed a Reply in Support of Objection to Second Amended Complaint and Request to Strike (the "Surreply"), which the Court deems effectively a surreply.[1] (ECF No. 62.)

## II.    MOTION FOR LEAVE TO FILE SAC

### a. Legal Standard

Federal Rule of Civil Procedure 15 mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[1] The Court reminds Defendant that Local Rule 7.1 provides for the filing of a motion, an opposition, and a reply. *See* S.D. Cal. Civ. L.R. 7.1(e). The Local Rules do not provide for the filing of a surreply. Other district courts within the Ninth Circuit have found that a party must seek leave of the court to file a surreply. *See Brown v. Harris*, No. 1:12-CV-01472-GSA-PC, 2014 WL 711027, at *1 (E.D. Cal. Feb. 21, 2014) ("The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply."); *Spina v. Maricopa Cnty. Dep't of Transp.*, No. CV05-0712-PHX-SMM, 2009 WL 890997, at *1 (D. Ariz. Apr. 1, 2009) ("Neither Federal Rule of Civil Procedure 7 nor the local rules of practice for this District provide for the filing of a surreply, and surreplies are not authorized by any other rules of procedure absent express prior leave of the Court…. Plaintiff's Surreply was, therefore, improper."). Defendant did not seek leave of the Court to file the surreply or attempt to show that a valid reason for additional briefing exists. While the Court recognizes that Defendant is proceeding pro se, Defendant is nevertheless required to follow the same procedural rules as any other litigant. *See Hoffman v. Lassen County*, No. 2:16-cv-00946-JAM-AC, 2017 WL 3189937, at *2 (E.D. Cal. July 27, 2017) (declining to consider a pro se plaintiff's "unsolicited sur-reply"); *McNeil v. Toor*, No. 1:19-cv-01257-ADA-HBK, 2023 WL 5613805, at *1–2 (E.D. Cal. Aug. 30, 2023) (granting the defendants' motion to strike the plaintiff's filing as an "improper surreply" because, "[d]espite Plaintiff's pro se status, he is required to comply with the Court's rules."). Defendant is cautioned that the Court may use its discretion to strike any future improper surreplies.

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

### b. Discussion

Plaintiffs contend that the proposed SAC merely: (1) removes references to punitive damages and other unspecified relief included in the operative complaint; and (2) adds "Pia" as a plaintiff in her own capacity, as she has now reached the age of majority and no longer requires representation by a next friend. (ECF No. 54 at 3–4.) Plaintiffs further contend that the SAC introduces no new claims or factual allegations. *Id.* at 4.

Defendant contends that (1) "Plaintiffs filed their Second Amended Complaint after [the Court's deadline to amend pleadings] without first seeking or receiving leave of court"; and (2) the proposed SAC "introduces a new factual and legal theory," amounting to a substantive change. (ECF No. 58 at 1–2.) In his Surreply, Defendant also contends that "[a]llowing Plaintiffs to proceed with [the new factual and legal theory] would significantly prejudice Defendant, who has already prepared a dispositive motion based on the FAC." (ECF No. 62 at 3.)

The Court finds Defendant's first contention—that Plaintiffs improperly filed the SAC without leave of Court—to be without merit. Plaintiffs have, in fact, properly sought leave to amend through the instant motion now before the Court. Accordingly, the procedural posture is appropriate under Rule 15(a)(2), which expressly permits amendments with the Court's leave.

Additionally, Defendant's contention that the SAC introduces a new legal theory based on the following added language—"Defendant appealed his conviction and sentence. The Ninth Circuit Court of Appeals affirmed both the conviction and the sentence, finding no basis to reverse or remand the trial court. See Opinion filed April 27, 2022, and attached hereto as Exhibit 2" (ECF No. 54-1 ¶ 19)—is likewise unpersuasive. This language simply provides additional context regarding Defendant's criminal proceedings and supports Plaintiffs' existing claim for liquidated damages under 18 U.S.C. § 2255. It does not constitute a new cause of action, nor does it materially alter the legal theory on which Plaintiffs' claim is based. Furthermore, Defendant's contention that such an amendment will prejudice him as he "has already prepared a dispositive motion based on the FAC," is similarly unconvincing. (ECF No. 62 at 3.) "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). The Ninth Circuit has found such prejudice only where the amendment would "greatly alter[ ] the nature of the litigation and require[ ] defendants to undertake, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Here, Defendant offers no authority or evidence that the addition in the proposed SAC would have such an effect.

After consideration of the parties' submissions, the Court concludes that Defendant has not made the requisite "strong showing" of prejudice or demonstrated that any of the remaining *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis omitted).

Accordingly, Plaintiffs' Motion for Leave to File SAC (ECF No. 54) is granted.

## III.   REMAINING PENDING MOTIONS

In light of the Court's Order granting Plaintiffs' Motion for Leave to File SAC (ECF No. 54), the pending (1) Motion to Strike Affirmative Defenses (ECF No. 30) filed by Plaintiffs; (2) Motion for Judicial Notice (ECF No. 31) filed by Defendant; and (3) Renewed Motion to Dismiss (ECF No. 38) filed by Defendant are denied as moot because they address pleadings which will be superseded by the SAC.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File SAC (ECF No. 54) is granted. Plaintiffs shall file the proposed SAC (ECF No. 54-1) within fourteen (14) days of the issuance of this Order. Defendant shall file a response to the SAC within twenty-one (21) days of its entry on the docket.

IT IS FURTHER ORDERED that the following pending motions are denied as moot, as they pertain to pleadings that will be superseded by the SAC: (1) Motion to Strike Affirmative Defenses (ECF No. 30) filed by Plaintiffs; (2) Motion for Judicial Notice (ECF No. 31) filed by Defendant; and (3) Renewed Motion to Dismiss (ECF No. 38).

Dated: July 7, 2025

Hon. William Q. Hayes
United States District Court