UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," "SARAH," and "PIA," | Case No.:  23-cv-00644-WQH-DEB |
| Plaintiffs, | **ORDER** |
| v. | |
| CARSTEN IGOR ROSENOW, a/k/a CARLOS SENTA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the pending Motion to Amend the Pleadings and the Case Schedule filed by Plaintiffs "Lily," "Sarah," and "Pia." (ECF No. 127.)

## I.    BACKGROUND

On March 26, 2026, the Court issued an Order partially granting the Motion for Summary Judgment (ECF No. 75) filed by Plaintiffs "Lily," "Sarah," and "Pia." (ECF No. 124.) The Court granted summary judgment for Plaintiffs on the "identity" and "sexually explicit conduct" elements of their claims under 18 U.S.C. § 2255. *Id.* at 35. The Court denied summary judgment as to the "possession" element. *Id.*

The parties each filed Pretrial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) on April 27 and April 28, 2026, respectively. (ECF Nos. 125, 126.)

On April 29, 2026, Plaintiffs filed the pending Motion to Amend the Pleadings and the Case Schedule ("Motion to Amend"). (ECF No. 127.) Plaintiffs seek leave to amend

1

(1) the pleadings "to reflect that [Plaintiff] Pia is no longer a minor" and (2) the "Case Schedule to give the parties sufficient time to establish that the thumb drives in Defendant's possession contained Plaintiffs' CSAM files." *Id.* at 3.

On May 6, 2026, Defendant Carsten Igor Rosenow ("Defendant") filed an Opposition to the Motion to Amend. (ECF No. 128.)

## II.   AMENDING THE PLEADINGS

Plaintiffs seek to amend the pleadings to substitute Plaintiff "Pia" as a plaintiff in her own right. Plaintiffs state that "Pia" has "attained the age of majority" and thus no longer requires a "next friend" to represent her interests in this action because she is now "legally able to act on her own behalf." (ECF No. 127 at 3–4.)

On July 8, 2025, Plaintiffs filed the Second Amended Complaint ("SAC"), the operative pleading. (ECF No. 66.) The SAC amended the pleadings by, among other things, substituting "Pia" as a Plaintiff in her own right for the next friend that previously represented her interests. *Id.*; *see also* ECF No. 19. Because the operative pleading already reflects that "Pia" is no longer a minor and is representing her own interests in this action, the Court denies the Motion to Amend (ECF No. 127) as moot to the extent it seeks to amend the pleadings.

## III.   AMENDING THE CASE SCHEDULE

Plaintiffs seek to amend the case schedule to allow more time "for Plaintiffs to arrange to present the images that the Defendant possessed and to present the testimony of law enforcement agents who seized and analyzed the media containing the images of Plaintiffs from Defendant's home." (ECF No. 127 at 3.)

### A. Contentions

Plaintiffs contend that "significant logistical hurdles" exist that justify amending the case schedule to allow Plaintiffs to file an additional dispositive motion. *Id.* at 5. Plaintiffs contend that they need more time "to present the required evidence to the Court to prove that Defendant possessed Plaintiffs' CSAM images" because "the images are contraband," so Plaintiffs must "arrange for the transportation and identification of the images by law

2

enforcement officers." *Id.* at 3, 5. Specifically, Plaintiffs state that they have communicated with the United States Attorneys' Office in the Southern District of California and the Federal Bureau of Investigation, seeking to "secur[e] testimony by declaration, as well as in person, from the necessary federal agents." *Id.* at 5. Plaintiffs state that the government has acknowledged their request pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), but has not provided a timeline for its response. *Id.* Plaintiffs further state that "at least one or more of the law enforcement agents previously involved in the criminal trial now live and work outside of the Southern District of California." *Id.*

Plaintiffs state that they plan to file another Motion for Partial Summary Judgment in this action. *Id.* at 4. They contend that, if the Court grants summary judgment for Plaintiffs on the possession issue, the Court would "avoid the necessity of a trial of this matter and the attendant summoning from distant locations of []federal agents to testify, taking them away from immediate law enforcement duties, and also avoid the transporting of Defendant from his current location in Seagoville, Texas to the Southern District of California." *Id.*

In response, Defendant contends that Plaintiffs were not diligent in seeking evidence of possession because "[t]he need for forensic proof and law-enforcement testimony linking [thumb drives] QSD15 and QSD16 to Plaintiffs' images was known from the outset of this case"; Plaintiffs "were on notice" of the Northern District of California's ruling in *"Amy" v. Curtis*, No. 19-cv-02184-PJH, 2021 WL 1391463 (N.D. Cal. Apr. 13, 2021); "Plaintiffs' logistical difficulties with contraband images and [*Touhy*] requests to the government . . . were entirely foreseeable"; and Plaintiffs have failed to provide a "concrete showing that the requested extension will actually yield admissible evidence." (ECF No. 128 at 3–5.) Defendant further contends that successive motions for summary judgment are improper, and that amending the scheduling order would prejudice him due to the "logistical burdens" of litigating a case while incarcerated. *Id.* at 5–7.

### B. Discussion

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule

23-cv-00644-WQH-DEB

16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment). "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citation omitted).

Federal Rule of Civil Procedure 56 provides that, unless "the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). "Nothing in Rule 56 prohibits successive motions" for summary judgment. *Martinez v. High*, 91 F.4th 1022, 1027 (9th Cir. 2024). "[A] successive motion for summary judgment is particularly appropriate on an expanded factual record" and "fosters the 'just, speedy, and inexpensive' resolution of suits." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (quoting Fed. R. Civ. P. 1).

The Court considers Plaintiffs' reasons for seeking modification and diligence in doing so. The Scheduling Order mandated that "[a]ll other pretrial motions must be filed by August 29, 2025." (ECF No. 40 at 3.) Plaintiffs filed their Motion for Summary Judgment (ECF No. 75) on August 4, 2025. Plaintiffs filed the pending Motion to Amend (ECF No. 127) on April 29, 2026—approximately one month after the Court denied summary judgment on the "possession" element. (ECF No. 124.) Plaintiffs state that they have since been communicating with the government to secure testimony and other evidence of possession. (*See* ECF No. 127 at 5.)

The Court finds that Plaintiffs have adequately shown diligence and good cause. In filing their Motion for Summary Judgment (ECF No. 75), Plaintiffs made a strategic decision to focus on claim and issue preclusion instead of on proving the elements of their 18 U.S.C. § 2255 claim anew. This choice was reasonable, even though the Court ultimately disagreed with Plaintiffs' position. *Cf. Doe v. Musselman*, No. 23-1247, 2025 WL 1485341,

23-cv-00644-WQH-DEB

at *6–7 (C.D. Ill. Jan. 3, 2025) (applying issue preclusion to find that plaintiff was a "victim" under § 2255 because defendant paid her restitution in the underlying criminal case). Given Plaintiffs' statements indicating that (1) they are diligently seeking evidence of Defendant's possession and (2) filing a successive motion for summary judgment would promote judicial economy and avoid logistical problems with a trial in this action, the Court grants Plaintiffs' request for a limited extension of time in which to file another dispositive motion.

### C. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Amend (ECF No. 127) is denied as moot to the extent it seeks to amend the pleadings to reflect that Plaintiff "Pia" has reached the age of majority.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 127) is granted as to Plaintiffs' request to amend the case schedule. Plaintiffs may file a second motion for summary judgment no later than 90 days from the entry of this Order.

IT IS FURTHER ORDERED that the upcoming deadlines set forth in the Court's March 26, 2026 Order (ECF No. 124 at 36) are vacated, including the May 26, 2026 deadline for the parties to meet remotely. The Court will reset these deadlines if necessary after Plaintiffs' 90-day deadline to file a second motion for summary judgment elapses.

Dated:  May 12, 2026

Hon. William Q. Hayes
United States District Court